# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KATHY J. MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:18-cv-6-MHT-DAB |
| ) | |
| **JIMMY H. BAKER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Kathy J. Moore, sues Wallace Community College Selma, its president, the Chancellor of Alabama Community College System, the Board of Trustees of Alabama Community College System, and the Board of Trustees' president and members, alleging retaliation and discrimination in employment based on gender and age. (Doc. 1). Before the court is Defendants' Partial Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted (Doc. 28), Defendants' Motion to Transfer Venue to the Southern District of Alabama (Doc. 29), and Defendants Ron Fantroy and Susan Foy's Motion to Dismiss and Motion to Transfer (Doc. 41). Plaintiff filed a response in opposition. (Doc. 44). Defendants replied. (Docs. 48, 49). For the reasons that follow, it is recommended that the motions to transfer venue be **granted** and this case be transferred to the Selma Division of the Southern District of Alabama. Given this recommendation, it is further recommended that the Defendants'

motions to dismiss be held in abeyance to be decided by the transferee court and terminated in this Court.

## I.   JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1343; 29 U.S.C. § 216(b), § 626(b); and 42 U.S.C. § 2000e-5(f)(3) as to Plaintiff's causes of action. Defendants contest jurisdiction and venue, alleging the Southern District of Alabama is the more appropriate forum. On February 23, 2018, the above-styled matter was referred to the undersigned for review by United States District Judge Myron H. Thompson. (Doc. 30); *see also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.,* 896 F.2d 507 (11th Cir. 1990).

## II.   BACKGROUND AND FACTS

Plaintiff alleges she was involuntarily transferred/demoted on the basis of gender and age from the position of Director of Student Support Services for Wallace Community College Selma (WCCS) to Adult Education Counselor/Student Success Coach. (Doc. 1, ¶¶ 41–43).

Plaintiff filed this action in the Middle District of Alabama. (Doc. 1). She alleges venue is proper on the basis of 28 U.S.C. §1391(b) because this action is brought within the State where the unlawful employment practice was committed under 42 U.S.C. §2000e-5(f)(3). Plaintiff is a citizen of Dallas County, Alabama. (Doc. 1, ¶ 5). Dallas County is in the Southern District of Alabama, which is where Defendants request the

case be transferred. WCCS, where Plaintiff works, is located in Dallas County, Alabama. *Id.*, ¶ 17. Plaintiff sues James Mitchell, individually and in his capacity as president of WCCS; he is alleged to be a resident of Dallas County. *Id.*, ¶ 18. Herbert Thomas, Plaintiff's alleged comparator, works at WCCS which is located in the Selma Division of the Southern District of Alabama. (Doc. 29 at 3).

Plaintiff sues the Board of Trustees of the Alabama Community College System ("ACCS Board"), which is a department of Alabama state government, headquartered in Montgomery, Montgomery County, Alabama. (Doc. 1, ¶ 7). The ACCS Board members—Governor Kay Ivey, Al Thompson, Ron Fantroy, Susan Foy, Frank Caldwell, Crystal Brown, Milton A. David, Chuck Smith, and Blake McAnally—are alleged to be citizens of the following counties: Montgomery, Baldwin, Conecuh, Tallapoosa, Walker, Morgan, Jefferson, and Marengo.[1] *Id.*, ¶¶ 8–16. Jimmy Baker, who is sued in his official capacity as the Chancellor of the ACCS, resides in Montgomery County. *Id.*, ¶ 6.

In her complaint, Plaintiff alleges her employers, WCCS and the ACCS Board, discriminated against her in violation of Title VII, the Equal Pay Act, and the Age Discrimination in Employment Act (ADEA) by intentionally paying her less than a similarly-situated, less-qualified, younger male (Herbert Thomas). *Id.*, ¶¶ 70–87, 97–105. She additionally claims WCCS and the ACCS Board retaliated against her for protesting gender and age discrimination. *Id.*, ¶¶ 106–18. She sues WCCS President Mitchell,

---

[1] Morgan, Walker and Jefferson Counties are in the Northern District of Alabama. Montgomery and Tallapoosa Counties are in the Middle District of Alabama. Conecuh, Baldwin, and Marengo Counties are located in the Southern District of Alabama.

3

ACCS Chancellor Baker, and the Trustee Defendants for civil rights violations, alleging violation of the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, as remedied through 42 U.S.C.§ 1983, by intentionally paying her less as Director of Student Support Services than a similarly-situated male employee in the same position. *Id.*, ¶¶ 88–96.

Plaintiff alleges she was hired as the Director of Student Support Services (SSS) in August 2006 in a temporary appointment. *Id.*, ¶ 40. She was made full-time in that position in approximately June 2007 and continued to hold the SSS Director position until August 31, 2015. *Id.* At that time, WCCS President Mitchell reassigned her to a new position as an Adult Education Counselor/Student Success Coach effective October 1, 2015. *Id.*, ¶ 41. She alleges the reassignment/transfer was a demotion because she no longer was a supervisor, no longer had decision-making authority, and no longer was responsible for creating and administering a budget. *Id.*, ¶ 42. She filed her initial charge of discrimination with the EEOC on February 19, 2016. *Id.*, ¶ 43.

In December 2016, Mitchell and WCCS hired Herbert Thomas as SSS Director. *Id.*, ¶ 47. Plaintiff alleges that Thomas is male, substantially younger than her, and less qualified for the position, and yet he was paid nearly thirty percent more than she was for performing the same duties. *Id.*, ¶¶ 48–49. She asserts she was more qualified than Thomas for the SSS Director position. *Id.*, ¶ 65. Plaintiff filed her second EEOC charge of discrimination on March 25, 2017. *Id.*, ¶ 69. She filed this lawsuit in January 2018. (Doc. 1).

4

Defendants have moved to dismiss the claims against them based on failure to exhaust administrative remedies, untimeliness, failure to state a claim, and Eleventh Amendment immunity. (Docs. 28, 41). Additionally, Defendants seek to have venue transferred to the Selma Division of the Southern District of Alabama because the facts, as alleged by Plaintiff, demonstrate the alleged unlawful employment practices occurred there, the decision-maker Mitchell and alleged comparator Thomas are both in the Southern District of Alabama, and the relevant employment records are maintained and administered at WCCS which is in the Southern District of Alabama. (Docs. 29, 41).

## III. LEGAL STANDARD -- VENUE

Venue in a Title VII case is governed by U.S.C. § 2000e–5(f)(3),[2] which allows a Title VII plaintiff to file an action in "any judicial district in the State" of Alabama. 42 U.S.C. § 2000e–5(f)(3); *Pinson v. Rumsfeld*, 192 F. App'x 811, 816–17 (11th Cir. 2006).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.

---

[2] Section 2000e–5(f)(3) states:
> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C.A. § 2000e-5(f)(3)

5

§ 1404. The burden is on the movant to show that the proposed forum is more convenient than plaintiff's chosen forum or that litigation there would be in the best interest of justice. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

## IV. DISCUSSION

Although Plaintiff could file this action in any District in the State of Alabama, *see* 42 U.S.C. § 2000e–5(f)(3), it is well established that the trial court retains broad discretion as to whether to transfer a case under § 1404(a). *Steward Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Goodwyn, Mills & Cawood, Inc. v. Black Swamp, Inc.*, 956 F. Supp. 2d 1323, 1327–28 (M.D. Ala. 2012) (court has broad discretion in weighing conflicting arguments as to venue, "but must engage in an individualized, case-by-case consideration of convenience and fairness"). Under 28 U.S.C. § 1404(a), a district court may transfer any civil action "for the convenience of parties and witnesses, in the interest of justice" to any other district or division where it might have been brought. 28 U.S.C.A. § 1404. "The doctrine of forum non conveniens 'authorizes a trial court to decline to exercise its jurisdiction, even though the court has venue, where it appears that the convenience of the parties and the court, and the interests of justice indicate that the action should be tried in another forum.'" *Ford v. Brown*, 319 F.3d 1302, 1306–07 (11th Cir. 2003) (quoting *Sibaja v. Dow Chem. Co.*, 757 F.2d 1215, 1218 (11th Cir. 1985)).

The Eleventh Circuit has established that the following factors must be considered when determining whether a § 1404(a) transfer is appropriate: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources

of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergy's Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Watson v. Cmty. Educ. Ctrs. Inc.*, No. 2:10-CV-00778-36SPC, 2011 WL 3516150, at *2 (M.D. Fla. Aug. 11, 2011).

In determining a § 1404(a) motion, the court first considers whether the action could have originally been brought in the district of transfer proposed by defendant, and, if so, the court then must weigh the relevant factors and consider the interests of justice to decide whether transfer is appropriate. *Carroll v. Tex. Instruments, Inc.*, 910 F. Supp. 2d 1331, 1333 (M.D. Ala. 2012). Clearly, the case could have been brought in the Southern District of Alabama as this employment discrimination case is appropriately filed in any District in Alabama. Next, weighing the factors here, the court finds the interest of justice and convenience of the parties and witnesses support transfer of the case to the Southern District of Alabama.

> A. *Plaintiff's Choice of Forum, the Convenience of the Witnesses and Parties, and the Availability of Process to Compel the Attendance of Unwilling Witnesses*

As noted in Defendants' motion, in addition to Plaintiff, the principal actors President Mitchell and the alleged comparator Herbert Thomas are residents of Dallas

County, in the Selma Division of the Southern District of Alabama.[3] (Doc. 29 at 2–3). President Mitchell would be the primary decision-maker regarding Plaintiff's transfer and regarding the hiring of Thomas. *See* ALA. CODE § 16-60-111.7 ("presidents of the community and technical colleges shall appoint the faculty and staff of the community and technical colleges according to qualifications prescribed by the board and such other regulations which may be adopted by the board"). To the extent other employees of WCCS will be witnesses, the Selma Division of the Southern District of Alabama would be the most convenient forum because WCCS (their place of employment) is located in Selma, Dallas County. Courts in this District have found the convenience of witnesses to be one of the most important factors in deciding whether to transfer. *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1091 (M.D. Ala. 1996). However, the "convenience of non-party witnesses receives considerably more weight than the convenience of parties or party-witnesses." *ASD Specialty Healthcare, Inc. v. Letzer,* No. 2:10-CV-388-WKW, 2010 WL 2952573, at *4 (M.D. Ala. July 26, 2010). To the extent current or former WCCS employees will be required to testify, it will be easier to compel such witnesses' testimony in the Southern District where WCCS is located due to the substantial likelihood that a number of witnesses will reside near WCCS in Selma as opposed to Montgomery which is over an hour away.

---

[3] Plaintiff's response states Thomas lives in Montgomery. (Doc. 44, n.49). Given that he works at WCCS in Selma, however, providing testimony in Selma would be convenient even if he lived in Montgomery.

As for Plaintiff's choice of the Middle District of Alabama, "federal courts will accord great deference to the plaintiff's choice of forum if the forum is in the district in which he or she resides." *Hutchens*, 928 F. Supp. at 1090. However, Plaintiff resides in the Southern District of Alabama, not the Middle District where the action was filed. As explained by the *Hutchens* court,

> where the forum selected by the plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the defendant, seeking a change of venue, "to meet the burden of showing sufficient inconvenience to tip the balance of convenience strongly in the defendant's favor."

*Id.* at 1091. And where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) (quoting *Garay v. BRK Elec.*, 775 F. Supp. 1010, 1011 (M.D. Fla. 1991)).

While some of the individual trustees and Chancellor Baker are residents of the Middle District of Alabama, their purported wrongful conduct is not connected to that forum. Rather, the alleged discriminating decisions to demote/transfer Plaintiff and to hire a younger, allegedly less-qualified male would have occurred at WCCS in the Southern District of Alabama. Moreover, as noted in Defendants' motion, Alabama law provides that "[s]even members [be] appointed by the Governor so that one member of the board is a resident of each of the seven congressional districts in the state." ALA. CODE § 16-60-111. Thus, the board members' residency will never be related to the same forum where the members are selected from the seven different congressional districts of

9

the state. Plaintiff argues that meetings of the ACCS Board occurred in Montgomery in the Middle District of Alabama, but the ultimate complaint relates to her demotion at WCCS which is located in Dallas County in the Southern District of Alabama. Furthermore, the Defendants' residency is not a basis to deny the motion where Defendants have requested the transfer.

      B.    *Location of Relevant Documents and Locus of Operative Events*

The gravamen of Plaintiff's complaint is Defendants' decision to demote her and to hire a younger, less-qualified male. Employment and compensation records related to Plaintiff and her alleged comparator would be located at WCCS in the Southern District of Alabama. This would also be the location of the operative facts giving rise to the demotion/transfer. Plaintiff's complaint discusses the responsibilities she held as SSS Director and the number of people she supervised. Documentary evidence of the budgets she created and administered, as well as any other records related to carrying out the position of SSS Director, would also be located at WCCS.

Plaintiff contends that Thomas who was hired for the SSS Director position was less qualified and paid more. Salary records would likely be located at WCCS, and more significantly, documents and witness testimony pertaining to Thomas' qualifications and job performance would be located at the college in the Southern District of Alabama.

      C.    *Relative Means of the Parties and Forum's Familiarity with the Governing Law*

Plaintiff's residence and place of employment is in Selma, Dallas County, Alabama. She states in her response, however, that she is willing to be present for a trial

in Montgomery which is outside of her home forum, but where she chose to file suit. (Doc. 44 at 53). As noted above, her chosen forum is afforded less deference where the operative facts occurred elsewhere. *See Gould*, 990 F. Supp. at 1358. She further argues some of the Defendants reside in the Middle District of Alabama. However, since the Defendants are seeking transfer to the Southern District, their residency is not a compelling factor to prevent transfer.

Plaintiff contends that, according to local practitioners, pretrial matters in Southern District, Selma Division, cases are typically heard in Mobile, not Selma. She argues therefore that consideration of convenience should be based on travel to Mobile (which she claims is far more inconvenient than Montgomery), and not Selma. (Doc. 44 at 50–51). Defendant responds that the Southern District rarely requires the parties to appear in Mobile in person and will often accommodate counsel located outside of the District by permitting their appearance by telephone. (Doc. 50, n.2). Considering these arguments, the court finds this factor does not weigh significantly in favor of either party, particularly where Plaintiff has chosen a forum other than her place of residence and employment, and the primary link to Montgomery appears to be the location of her counsel.

Both the Middle District and Southern District would be equally familiar with the governing federal law in this employment discrimination lawsuit, and therefore, this factor too would not favor one forum over the other.

    D.    *Trial Efficiency and the Interests of Justice*

Defendants argue the greater case load in the Middle District of Alabama over the Southern District makes the Southern District a more efficient forum. (Doc. 29 at 6). Plaintiff responds that the rate in which cases proceed through the system from filing to termination are within a month between the two Districts, and thus this factor does not necessitate transfer. (Doc. 44 at 60). Even if this factor is a "wash," the Defendants' argument that the Southern District has a greater interest in its local college and the college's students and staff being sued in its home district cannot be denied. Moreover, given that the location of WCCS witnesses likely are near WCCS in Dallas County, transfer to the Selma Division of the Southern District of Alabama results in trial efficiencies.

## V.   CONCLUSION AND RECOMMENDATION

For the reasons stated, it is the **RECOMMENDATION** of the Magistrate Judge that:

A.   Defendants' Motion to Transfer Venue to the Southern District of Alabama (Doc. 29) be **granted**;

B.   Defendants Ron Fantroy and Susan Foy's Motion to Dismiss and Motion to Transfer Venue (Doc. 41) be **granted in part** to the extent that it is recommended that this case be transferred to the Southern District of Alabama;

C.   The Motion to Dismiss aspect of Ron Fantroy and Susan Foy's motion (Doc. 41), as well as the Defendants' Partial Motion to Dismiss for Lack of Jurisdiction and

Failure to State a Claim Upon Which Relief Can be Granted (Doc. 28), be **held in abeyance** to be decided by the transferee court (and terminated in this Court); and

D.    The Clerk be directed to effect the **transfer of this case** to the Selma Division of the Southern District of Alabama and to **close the case** in this court.

## VI.    NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Accordingly, it is hereby **ORDERED** that any objections to the Report and Recommendation shall be filed on or before **July 2, 2018**. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; see also 28 U.S.C. § 636(b)(1).

**Respectfully recommended** this 18th day of June, 2018.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE